# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-cv-508-FDW

| | |
|---|---|
| DONNA M. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER comes now before the Court on Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation ("M&R"). (Doc. No. 13). The M&R recommended the Plaintiff's Motion for Summary Judgement be denied,; the Defendant's Motion for Summary Judgement be granted; and that the Commissioner's decision be affirmed.

After reviewing the Plaintiff's objections, the Court finds, for the reasons set forth herein as well as those set forth in the M&R, the proposed findings of fact are supported by the record and the proposed conclusions of law are consistent with current case law. Accordingly, the Plaintiff's objections are overruled, and the Court hereby accepts and adopts the Magistrate Judge's recommendations in this case.

## BACKGROUND

In October 2002, Plaintiff filed an application for a period of disability, Social Security disability benefits ("DIB"), and Supplemental Security Income ("SSI"), alleging she was unable to

1

work as of September 12, 2002. Plaintiff alleged she was unable to work because of breathing problems and her "nerves." (Tr. 436-437). After the claim was denied both initially and upon reconsideration, Plaintiff requested a Hearing before an Administrative Law Judge ("ALJ"). The ALJ found Plaintiff suffered from severe impairments including pulmonary nodules with a history of collapsed lung, major depression, and generalized anxiety. (Tr.22). The ALJ further found Plaintiff had a number of non-severe impairments including scoliosis, reflux disease, allergies, sinusitis, and irritable bowel disease. (Tr. 22). On October 24, 2006, the ALJ denied Plaintiff's claim, finding Plaintiff did not have a "disability" as defined in the Social Security Act. After the ALJ denied her claim, Plaintiff requested a review of the decision. The Appeals Council of the Social Security Administration denied this request. The present action, filed by Plaintiff on November 6, 2008, was referred to Magistrate Judge Cayer. On April 10, 2009, the M&R was filed, recommending that Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and the Commissioner's decision be affirmed. Plaintiff now requests a de novo determination of the Motions for Sumary Judgment on the grounds that appear in Plaintiff's Brief filed in support of her Motion for Summary Judgment along with additional grounds.

**STANDARD OF REVIEW**

The district court applies a de novo standard of review of those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636 (b). "Such objections must be made 'with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Horne v. Novartis Pharmaceuticals Corp., 541 F.Supp.2d 768, 776 (W.D.N.C. 2008) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). The Court does not have

to "conduct a de novo review where a party makes only 'general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'" Id. (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

After conducting a de novo review of the M&R, the Court finds no error in, summarily agrees with, and adopts those portions of the M&R to which no objection was raised, including the section on factual and procedural history. Accordingly, those portions are hereby incorporated by reference as if fully set forth herein.

**ANALYSIS**

Turning to Plaintiff's specific objections, Plaintiff first argues that the M&R incorrectly stated that it was proper for the ALJ to make a ruling based upon the Medical-Vocational Guidelines ("Grids") without vocational testimony. Plaintiff argues that, because of her non-exertional limitations, vocational testimony must be used to establish alternate vocational capacity. The Grids establish the availability of jobs based on the residual functioning capacity ("RFC") of the claimant and based on age, education, and past work experience. The ALJ determined that, although Plaintiff did have non-exertional limitations, these limitations did not substantially reduce the base of jobs but simply limited her to performing unskilled work. See Social Security Ruling 83-14 and Social Security Ruling 85-15. Where non-exertional conditions or limitations do not rise to the level of an impairment, as determined by whether the condition affects an individual's RFC to perform work of which he is exertionally capable, vocational testimony is not required and application of the Grids to determine disability is proper. See 20 C.F.R. § 404.1569a(b); Smith v. Schweiker, 719 F.2d 723,

725 (4th Cir. 1984). The Court finds the M&R correctly concluded that it was appropriate for the ALJ to apply the Grids in determining that Plaintiff was "not disabled" based upon the significant number of jobs for sedentary, light, and medium unskilled workers, in the national economy.

Plaintiff next argues that the M&R was incorrect because the ALJ did not apply the required standard in evaluting her depression and anxiety. In evaluating a mental condition, the ALJ must show the history of the condition and must include a specific finding as to the degree of limitation for four functional areas. See 20 C.F.R. §§ 404.1520a, 416.920. The degree of limitation for the first three functional areas (activities of daily living; social functioning; and concentration, persistence, or pace) must be described by using a five-point scale: none, mild, moderate, marked, or extreme; and the fourth functional area (episodes of decompensation) by a four-point scale: none, one or two, three, four or more. See 20 C.F.R. 416.920a(c)(4). Here, the ALJ sufficiently detailed the history of Plaintiff's condition through summarizing medical examinations and treatments she received. (Tr. 19-24). The ALJ also "considered the opinions of the Medical Consultants of the Disability Determination Service." (Tr. 24.) In accord with these opinions, the ALJ found the claimant had "'mild' restrictions of activities of daily living, 'moderate' difficulties in maintaining social functioning, and 'moderate' difficulties in maintaining concentration, persistence, or pace" and that "the record does not indicate that the claimant has had any episodes of decompensation of extended duration." Id. Therefore, the Court finds agrees with the M&R that the ALJ applied the appropriate standard for evaluating Plaintiff's mental condition.

Next, Plaintiff contends the M&R incorrectly found that the ALJ gave proper weight to the opinions of Plaintiff's treating physician, Dr. Cummings. A treating physician's opinions do not have to be given controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992).

4

Controlling weight is given where the treating sources opinion of the impairment is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence. See 20 C.F.R.§ 404.1527(d)(2). If "a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001), (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir.1996)). In the instant case, the ALJ determined inconsistencies were present based on the numerous evaluations and testings completed by various doctors, the contradictions regarding Plaintiff's ability to complete daily activities, as well as Plaintiff's propensity to stop taking medication, miss medical appointments, and not seek regular counseling. (Tr. 23-24). Due to this substantial evidence of inconsistencies, the Court finds that the M&R properly determined it was appropriate for the ALJ to not give controlling weight to the treating physician's opinion.

Plaintiff also argues the M&R incorrectly found that the ALJ properly evaluated Plaintiff's residual functioning capacity ("RFC"). In making this argument, Plaintiff suggests the ALJ must address all of the exertional and nonexertional capabilities of the individual, as well as consider separately each of the seven strength demands. A person's RFC represents the most work they can perform despite all of their physical, mental, and other limitations.[1] 20 C.F.R.§ 404.1545. Here, the

---

[1]Physical, mental, and other abilities are evaluated in the context of how they reduce the ability to do work. 20 C.F.R.§ 404.1545. Physical limitations are assessed by their impact on the ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions. Id. Mental abilities are evaluated by a persons ability to carry out certain mental activities, such as understanding, remembering, and carrying out instructions, and their ability to respond appropriately to supervision, co-workers, and work pressures in a work setting. Id. Finally, some medically determinable impairments, such as skin impairments, epilepsy, impairments of vision, hearing or other senses, and impairments which impose environmental restrictions, will be considered for how they affect

ALJ evaluated the impact of Plaintiff's impairments through a function by function analysis. As discussed previously, the ALJ properly determined Plaintiff's mental conditions, including her depression and anxiety, limited her performance ability to unskilled work. In addition to her pulmonary condition, the ALJ also evaluated Plaintiff's chronic scoliosis, occasional allergies, reflux disease, sinusitis, and irritable bowel syndrome. Based on the record of Plaintiff's treatment for these conditions, the ALJ determined Plaintiff had the ability to sit for about six hours in an eight-hour workday, to stand/walk for about the same length of time, and to lift and carry up to twenty-five pounds frequently and fifty pounds occasionally. The ALJ also found that Plaintiff did not have any postural, manipulative, visual, communicative, or environmental limitations. The Court finds the magistrate judge properly concluded that the ALJ correctly evaluated Plaintiff's RFC.

Plaintiff's argument next suggests the M&R's conclusion that the ALJ properly evaluated Plaintiff's credibility is incorrect. The record contains substantial evidence that Plaintiff's testimony regarding the subjective description of her limitations was not fully credible. "The only fair manner to weigh a subjective complaint of pain is to examine how the pain affect the routine of life." Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (citing Hunter v. Sullivan, 993 F.2d 31 (4th Cir. 1992) (claimant's failure to fill prescription for painkiller, which itself was indicated for only mild pain, and failure to follow medical and physical therapy regimen, supported ALJ's inference that claimant's pain was not as severe as he asserted)). Inconsistencies exist between Plaintiff's claims of an inability to work and her objective ability to complete daily activities, such as driving, completing household chores, and taking care of personal needs. Additionally, the record regarding Plaintiff's treatment of her condition establishes that she did not seek regular mental heath

---

other work-related abilities. Id.

6

counseling, changed physicians on numerous occasions, and frequently stopped taking her medication. See Mickles, 29 F.3d at 930 ("an unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility"). Thus, the M&R was correct in upholding the ALJ's evaluation of Plaintiff's credibility.

Plaintiff next argues the M&R's conclusion that the ALJ properly considered all of Plaintiff's impairments, specifically her scoliosis, allergies, reflux disease, sinusitis, and irritable bowel syndrome, in combination is incorrect. As previously discussed, the ALJ weighed all of the evidence on the record prior to making a determination regarding the Plaintiff's RFC level. The ALJ specifically determined that none of these impairments were "severe" and that the record showed all could be "controlled with medication." (Tr. 22.) More specifically, the ALJ pointed out the lack of reference to these conditions on Plaintiff's disability application and lack of testimony regarding limitations caused by these conditions. Ultimately, the ALJ concluded that these conditions caused no more than "minimal restrictions on [Plainitiff's] ability to carry out daily living activities." Id. The Court finds that the M&R was correct in concluding that the ALJ properly considered all of Plaintiff's impairments in combination.

Plaintiff also argues that the M&R ignores the fact that the ALJ violated Social Security Ruling 86-8 by relying on his own presumptions, speculations, and suppositions and fails to point to evidence of record to support his findings. This argument is without merit. The M&R was correct in determining that the ALJ did not rely on his own presumptions, speculations, and suppositions, and that he fully supported all of his findings.

Finally, Plaintiff contends justice requires that the ALJ must be made to follow the

7

regulations, rulings, and case law promulgated for the fair adjudication of disability claims.  As discussed, the Court finds the M&R shows substantial evidence that both the record and the law support all of the conclusions made by the ALJ.

## CONCLUSION

The Court, finding no error, OVERRULES Plaintiff's objections to the M&R, ACCEPTS the recommendation of the magistrate judge, and ADOPTS it as the final decision of this Court.

Accordingly, for the reasons stated herein, the Plaintiff's Motion for Summary Judgment is DENIED; the Defendant's Motion for Summary Judgment is GRANTED; and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.                Signed: June 29, 2009

Frank D. Whitney
United States District Judge